IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                                        CRIMINAL NO. 2:18-00138-01

SHAWN GILMORE

MEMORANDUM OPINION AND ORDER

In Charleston, on September 11, 2018, came the defendant Shawn Gilmore, in person and by counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, and came the United States by Stephen I. Loew, Assistant United States Attorney, for the purpose of considering the defendant's plea of guilty to the four-count Indictment charging him in Count One with possession with intent to distribute a quantity of heroin, in violation of 21 United States Code, Section 841(a)(1), in Count Two with possession with intent to distribute 100 grams or more of heroin, in violation of 21 United States Code, Section 841(a)(1), in Count Three with possession of firearms in furtherance of a drug trafficking crime, in violation of 18 United States Code, Section 924(c)(1)(A) and in Count Four with being a felon in possession of a firearm, in violation of 18 United States Code Sections, 922(g)(1) and 924(a)2).  Shamika

Stockton, appeared on behalf of the United States Probation Department.

The court inquired of the defendant, addressing him personally and by counsel, to determine the competency of the defendant to proceed. The court found the defendant competent.

The court informed the defendant of the maximum penalties to which he will be exposed by virtue of his plea of guilty and defendant acknowledged his understanding of the same.

The court next inquired as to the defendant's plea and the defendant responded that he intended to plead guilty. The court explained the range of penalties to which the defendant would be exposed by virtue of his guilty plea. The court also explained the statutes under which this action is prosecuted and the elements which the United States would have had to prove, beyond a reasonable doubt, had the matter been tried. The Assistant United States Attorney then stated the factual basis establishing that the defendant committed the offenses to which he was pleading guilty. The defendant admitted that the factual basis as stated was substantially true.

The court further informed the defendant, pursuant to the requirements of Rule 11 of the Federal Rules of Criminal Procedure, of the constitutional and other rights he would waive by pleading guilty to the four-count Indictment. The court then

2

determined that the defendant understood those rights.  The court advised the defendant that he could not withdraw his plea if he was dissatisfied with the sentence rendered.

The court inquired of the defendant personally as to whether any threats or promises had been made to him to induce him to plead, whether any predictions were made regarding the sentence he might receive, and whether he had any second thoughts about entering a plea of guilty, to which questions the defendant responded in the negative.

Based upon the defendant's plea of guilty, as well as his factual admission of guilt, the court found that there existed a factual and legal basis for the defendant's plea of guilty. Based upon the United States' proffer of evidence against the defendant, the court found that there also existed an independent factual basis for the defendant's plea of guilty.  The court further found that the defendant tendered his plea of guilty voluntarily and with a full understanding and awareness of the constitutional and other rights which he gives up by pleading guilty, and with an awareness of what the United States would have to prove against him if the case went to trial.  The court further found that the defendant had an appreciation of the consequences of his plea and accepted the defendant's plea of guilty.

Pursuant to Sentencing Guideline § 6B1.1(c), the court deferred an adjudication of guilt pending receipt of the presentence investigation report. Accordingly, the court adjudges and the defendant now stands provisionally guilty of all counts in the Indictment.

The court scheduled the disposition of this matter for January 30, 2019, at 11:30 a.m., in **Charleston**[1]. The Probation Department is directed to conduct a presentence investigation in this matter and to provide a report to this court. Unless otherwise directed by this court, the probation officer is not to disclose the officer's sentencing recommendation to anyone except the court.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia and the Probation Office of this court.

**IT IS SO ORDERED** this 17th day of September, 2018.

ENTER:

David A. Faber
Senior United States District Judge

---

[1] Although the court announced that the sentencing hearing would be in Bluefield, it is scheduled for Charleston.